

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

YO,

    Petitioner,

v.

    Civil Action No. **3:13CV701**

**LAYTON LESTER,**

    Respondent.

## MEMORANDUM OPINION

Yo, formerly known as Mario Ballard, a Virginia prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition").[1] Yo challenges his conviction in the Circuit Court for the County of Nottoway, Virginia ("Circuit Court"). Yo demands relief upon the following grounds:

| | | |
|---|---|---|
| Claim 1 | | Yo failed to receive the effective assistance of counsel:[2] |
| | (a) | Counsel "had a mental disorder while he was representing the Petitioner." (§ 2254 Pet. 5.) |
| | (b) | "Counsel committed acts, such as not objecting during trial, not filing pretrial motions [and], not allowing Petitioner's witnesses to review a video that was used against him during his trial." (*Id.*) |
| | (c) | "Counsel was thoroughly steeped in corruption." (*Id.* (citations omitted).) |
| Claim 2 | | "Trial judge knew that Petitioner's counsel was corrupted when he appointed him to represent Petitioner; trial judge biased the trial jury against the Petitioner; Trial judge allowed an ambiguous indictment to stand against Petitioner; and trial judge allowed the accuser not be confronted by Petitioner." (*Id.* at 6 (citations omitted).) |

---

    [1] The Court employs the pagination assigned to Yo's § 2254 Petition and its attachments by the CM/ECF docketing system. The Court corrects the capitalization and spelling in the quotations to Yo's submissions.

    [2] "In all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of Counsel for his defence." U.S. Const. amend. VI.

| | |
|---|---|
| Claim 3 | Prosecutorial bias . . . the prosecution informed the trial jury of Petitioner's prior conviction and incarceration through its voir dire of its witnesses . . . ." (*Id.* at 8 (citations omitted).) |
| Claim 4 | "Petitioner's indictment was ambiguous because it stated all of the elements for the Code of malicious wounding. It was not specific as to what he did." (*Id.* at 10.) |

Respondent has moved to dismiss. Yo has responded. For the reasons set forth below, the Court will dismiss Claims 2 through 4 as procedurally defaulted and Claims 1(a) through (c) as lacking in merit.

## I. PROCEDURAL HISTORY

A jury in the Circuit Court found Yo guilty of malicious wounding. *Commonwealth v. Ballard*, No. CR090000083–00, at 1–3 (Va. Cir. Ct. Jan. 8, 2010). Thereafter, the Circuit Court sentenced Yo to ten years of imprisonment. *Id.* at 2.

### A. First State Habeas Petition

On March 1, 2011, Yo filed a petition for a writ of habeas corpus with the Supreme Court of Virginia ("First State Habeas Petition") alleging, *inter alia*, that he failed to receive the effective assistance of counsel in conjunction with the pursuit of an appeal. On July 29, 2011, the Supreme Court granted Yo's First State Habeas Petition with respect to his claim that he had failed to receive the effective assistance of counsel in conjunction with his appeal and permitted Yo to pursue a delayed appeal. *Ballard v. Warden*, No. 110548, at 1 (Va. July 29, 2011). The Supreme Court of Virginia dismissed the remainder of Yo's claims "without prejudice to the petitioner's right to file a subsequent petition for a writ habeas corpus limited to the ground or grounds assigned in the present petition." *Id.*

2

### B. Decision in the Court of Appeals of Virginia and Second State Habeas Petition

Thereafter, Yo filed an appeal to the Court of Appeals of Virginia, wherein he asserted "the evidence was insufficient to prove he committed malicious wounding because no reasonable juror could find he acted with malice." *Ballard v. Commonwealth*, No. 1760-11-2, at 1 (Va. Jan. 18, 2012). The Court of Appeals of Virginia rejected that claim and noted:

> "Whether or not an accused acted with malice is generally a question of fact and may be proved by circumstantial evidence." *Canipe v. Commonwealth*, 25 Va. App. 629, 642, 491 S.E.2d 747, 753 (1997). "Malice and heat of passion are mutually exclusive; malice excludes passion, and passion presupposes the absence of malice." *Barrett v. Commonwealth*, 231 Va. 102, 106, 341 S.E.2d 190, 192 (1986). "Heat of passion is determined by the nature and degree of the provocation and may be founded upon rage, fear, or a combination of both." *Id.* (citations omitted).
> 
> "Under ordinary circumstances, an intent to maim may not be presumed from a blow with a bare fist. But an assault with a bare fist may be attended with such circumstances of violence and brutality that an intent to kill may be presumed." *Fletcher v. Commonwealth*, 209 Va. 636, 640, 166 S.E.2d 269, 273 (1969).
> 
> Appellant and the victim had a disagreement over a remote control to a television. The victim was seated in a chair when appellant approached him and struck him numerous times about the face with his fist. After the incident, appellant's hand was swollen and appellant said he had gotten mad, lost his temper, and wished he had not "touched" the victim. The victim suffered a swollen and bruised eye and face and lacerations above his eyes as a result of the beating. A video of the incident was played for the jury.
> 
> . . . .
> 
> Appellant struck the seated victim multiple times in the face, causing appellant's hand to swell and the victim to suffer bruises, lacerations, and a swollen face. From this evidence, the jury could reasonably infer appellant acted with malice and he purposefully and cruelly intended to inflict bodily injury upon the victim.
> 
> Appellant asserts he acted in the heat of passion after the victim provoked him by striking appellant's hand with the remote control. However, even assuming the jury accepted this version of the incident, the victim's act did not provide the requisite provocation to dispel the malicious nature of appellant's violent response. Moreover, the jury was clearly permitted to reject this account of the event. *Sandoval v. Commonwealth*, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) ("The credibility of the witnesses and the weight accorded the

> evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.").
> From the evidence presented, the jury could conclude beyond a reasonable doubt that appellant committed malicious wounding.

*Id.* at 2–3.

Yo pursued a petition for appeal to the Supreme Court of Virginia. The Supreme Court of Virginia dismissed that appeal because Yo failed to comply with Virginia Supreme Court Rule 5:17(c)(1)(iii), in that "[the petition for appeal] does not list the specific error(s) in the lower court proceedings upon which appellant intends to rely." *Ballard v. Commonwealth*, No. 120131, at 1 (Va. Feb. 24, 2012).

Yo filed a petition for a writ of habeas corpus with the Supreme Court of Virginia ("Second State Habeas Petition"), wherein he asserted, *inter alia*, a denial of his right to appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia. On June 26, 2012, the Supreme Court of Virginia granted Yo's Second State Habeas Petition with respect to his claim about the denial of his right to appeal. *Ballard v. Warden of the Keen Mountain Corr. Ctr.*, No. 120470, at 1 (Va. June 26, 2012). The Supreme Court of Virginia dismissed the remainder of Yo's claims "without prejudice to the petitioner's right to file a subsequent petition for a writ habeas corpus limited to the ground or grounds assigned in the present petition." *Id.*

### C. Decision of the Supreme Court of Virginia on Direct Appeal

In his subsequent petition for appeal to the Supreme Court of Virginia, Yo raised the following grounds for relief:

> [A] The Court of Appeals erred in the misapplication of Va. Code § 18.2–51 by misinterpreting the term "intent" in the statute.
> [B] The Court of Appeals in denying Appellant his defense of "Heat of Passion" when it was dubious that he struck the accuser first.

4

[C] The Court of Appeals erred in denying Appellant's Petition for Appeal.

Petition for Appeal at 1, *Ballard v. Commonwealth*, No. 121284 (Va. filed July 16, 2012). The Supreme Court of Virginia refused Ballard's petition for appeal. *Ballard v. Commonwealth*, No. 121284, at 1 (Va. Jan. 15, 2013).

### D.  Fourth State Habeas Petition

On March 20, 2013, Yo filed another petition for a writ of habeas corpus with the Supreme Court of Virginia ("Fourth State Habeas Petition"). In that petition, Yo asserted that he failed to receive the effective assistance of counsel because "my trial lawyer (a Denis J. McCarthy) has been disbarred for being thoroughly steeped in corruption, which he claims was due to a mental disorder, while he was representing me." Petition for Writ of Habeas Corpus, Ex. A ¶ 2, *Yo v. Warden of the Lunenburg Corr. Ctr.*, No. 130481 (Va. filed Mar. 20, 2013). Yo also attempted to incorporate by reference all of the claims he previously had raised in his prior state habeas petitions. *Id.* ¶ 4. The Supreme Court of Virginia dismissed Yo's Fourth State Habeas Petition. *Yo v. Warden of the Lunenburg Corr. Ctr.*, No. 130481, at 3 (Va. filed Apr. 15, 2013). The Supreme Court refused Yo's attempts to incorporate by reference claims from his prior state habeas proceedings. *Id.* at 2–3 (citing Va. Code § 8.01–654(B)(1); Va. Code 8.01–655; Va. Sup. Ct. R. 5:7(a)(2)). The Supreme Court further noted that "this Court has 'repeatedly rejected attempt by a party to incorporate by reference arguments made in another court or in another case.'" *Id.* at 3 (quoting *Winston v. Commonwealth*, 604 S.E.2d 21, 54 (Va. 2004)). Additionally, the Supreme Court of Virginia found that Yo's ineffective assistance of counsel claim lacked merit. *Id.* at 2.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437,

448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

When the Supreme Court of Virginia grants a petition for a writ of habeas corpus with respect to the right to pursue a belated direct appeal and dismisses the remaining claims in the habeas petition without prejudice, the petitioner has not properly exhausted those dismissed claims. *See Johnson v. Johnson*, No. 3:07cv524, 2008 WL 4155363, at *3 (E.D. Va. Sept. 9, 2008) (citing *Richardson v. Dillman*, No. 7:06cv359, 2007 WL 186666, at *3 (W.D. Va. Jan. 19, 2007)); *see also Faison v. Hinkle*, No. 2:10cv557, 2011 WL 3321347, at *5–7 (E.D. Va. June 8, 2011). Rather, in order to satisfy the exhaustion requirement, after the conclusion of his direct appeal, the petitioner must file a new state petition raising the claim or claims that were dismissed without prejudice. *See Johnson*, 2008 WL 4155363, at *3; *Faison*, 2011 WL 3321347, at *5. Thus, Yo failed to satisfy the exhaustion requirement for Claims 2 through 4 because he failed to set forth these claims in his Fourth State Habeas Petition.

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the

7

exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[3] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Yo failed to properly present Claims 2 through 4 to the Supreme Court of Virginia. If Yo attempted to raise such claims now with the Supreme Court of Virginia, that court would find the claims barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974) because Yo could have raised, but failed to raise, such claims on direct appeal. *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Thus, Yo procedurally defaulted Claims 2 through 4. Yo fails to asserts any basis for excusing his default. Accordingly, Claims 2 through 4 will be DISMISSED.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting

---

[3] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

*Strickland*, 466 U.S. at 689). The second component of *Strickland*, the prejudice component, requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim 1(a), Yo complains that his attorney had a mental disorder. In Claim 1(c), Yo also asserts that his attorney was "steeped in corruption." (§ 2254 Pet. 5.)[4] General allegations of this ilk fail to demonstrate that Yo received the ineffective assistance of counsel. *See Strickland*, 466 U.S. at 690. Under *Strickland*, Yo "must *identify the acts or omissions of counsel* that are alleged not to have been the result of reasonable professional judgment." *Id.* (emphasis added); *see, e.g., United States v. Ross*, 338 F.3d 1054, 1056 (9th Cir. 2003) ("[A] lawyer suspended or disbarred . . . is not per se ineffective . . . . To prove ineffective assistance, defendants in these cases (like everyone else) [must] identify 'actual errors and omissions by counsel that a conscientious advocate would not have made,' and show that they suffered prejudice from those errors." (citation omitted) (quoting *United States v. Mouzin*, 785 F.2d 682, 696 (9th Cir. 1986))); *Smith v. Ylst*, 826 F.2d 872, 876 (9th Cir. 1987) (concluding mental illness of attorney is not per se ineffective). Accordingly, Claims 1(a) and 1(c) will be DISMISSED.

---

[4] Yo attached newspaper articles to his § 2254 Petition which reflect that his trial counsel misappropriated approximately $20,000.00 in client funds, suffered from depression, and surrendered his law license in August of 2010, roughly eight months after Yo's trial. (*See* § 2254 Pet. Ex. A.)

In Claim 1(b), Yo asserts that his attorney "committed acts, such as not objecting during trial, not filing pretrial motions, not allowing Petitioner's witnesses to review a video that was used against him during his trial." (§ 2254 Pet. 5.) Yo, however, once again fails to provide sufficient details regarding counsel's omissions so that a Court could find counsel acted unreasonably. For example, Yo fails to identify any viable objection counsel could have made and fails to identify any pretrial motion that may have aided the defense. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas action appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). Given those omissions, Yo fails to demonstrate that counsel acted deficiently or that counsel's omissions prejudiced Yo.

Finally, Yo faults counsel for not allowing one of Yo's witnesses to view the videotape of Yo hitting the victim with his fists. Yo, however, fails to explain, as he must, how showing the tape to his witness would have resulted in any testimony more favorable to Yo. *Cf. United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (observing that where a petitioner faults counsel for not calling a witness, a petitioner must provide "concrete evidence of what [the witness] would have testified to in exculpation," so that the reviewing court can adequately assess the significance of the decision not to call the witness); *see Bassette v. Thompson*, 915 F.2d 932, 941 (4th Cir. 1990) (dismissing claims where petitioner failed to make an adequate proffer of testimony of omitted witnesses). Accordingly, Claim 1(b) will be DISMISSED because Yo fails to demonstrate deficiency or prejudice.

## IV. CONCLUSION

Yo's claims will be DISMISSED. The Motion to Dismiss (ECF No. 5) will be GRANTED. The petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED. Yo's Motion for Judgment (ECF No. 12) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Yo fails to satisfy this standard. A certificate of appealability will be DENIED.

An appropriate Final Order shall accompany this Memorandum Opinion.

/s/
James R. Spencer
Senior U. S. District Judge

Date: 7-1-14
Richmond, Virginia

11