
FILED
DEC -8 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

YO,

    Petitioner,

v.      Civil Action No. **3:13CV701**

**LAYTON LESTER,**

    Respondent.

## MEMORANDUM OPINION

Yo, formerly known as Mario Ballard, a Virginia prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). Yo challenged his conviction in the Circuit Court for the County of Nottoway, Virginia ("Circuit Court"). By Memorandum Opinion and Order entered on July 1, 2014, the Court denied the § 2254 Petition and dismissed the action. *See Yo v. Lester*, No. 3:13CV701, 2014 WL 2968069, at *7 (E.D. Va. July 1, 2014). Yo has moved for reconsideration of that decision under Federal Rule of Civil Procedure 59(e).

The reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Yo apparently seeks relief upon the third ground. Yo contends asserts that, "this Court erred in denying Petitioner his right to be free of his

unconstitutional detention caused through his trial lawyer's mental defect or corruption, whichever situation it was." (Mot. Reconsider 1(spelling corrected).) Yo further contends that, "this Court should have accepted the Petitioner's newspaper article." (*Id.*) The Court, however, considered the newspaper article submitted by Yo in rejecting his § 2254 Petition. *See Yo*, 2014 WL 2968069, at *6 n.4. Furthermore, the Court explained to Yo why his general allegations about his attorney's mental illness and corruption failed to entitle Yo to habeas relief. *See, e.g., id.* at *6 (citing *United States v. Ross*, 338 F.3d 1054, 1056 (9th Cir. 2003); *Smith v. Ylst*, 826 F.2d 872, 876 (9th Cir. 1987)). Yo fails to identify any clear error of law in the Court's July 1, 2014 Memorandum Opinion or demonstrate that alteration of that decision is necessary to prevent a manifest injustice. Accordingly, Yo's Motion for Reconsideration (ECF No. 17) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Yo fails to satisfy this standard. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 12-8-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

2